# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
www.carellabyrne.com

PETER G. STEWART
FRANCIS C. HAND
AVRAM S. EULE
CHRISTOPHER H. WESTRICK*
JAMES A. O'BRIEN III**

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
  NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY AND MA BARS ONLY

RAYMOND J. LILLIE
WILLIAM SQUIRE
STEPHEN R. DANEK
DONALD A. ECKLUND
MEGAN A. NATALE
ZACHARY S. BOWER+
MICHAEL CROSS
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
MICHAEL A. INNES

+MEMBER FL BAR ONLY

December 10, 2020

<u>**Via ECF**</u>

Honorable Renée Marie Bumb, U.S.D.J.
United States District Court of New Jersey
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 2040
Camden, NJ 08102-2040

  Re: *The Colby Rest. Grp., Inc. v. Utica Nat'l Ins. Grp.*
     Civil Action No. 20-5927(RMB)(KMW)

Dear Judge Bumb:

  We represent Plaintiffs in the above-referenced matter. We are writing to provide the Court with recent supplemental legal authority supporting Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 19). Specifically, on December 9, 2020, U.S. District Judge Raymond A. Jackson of the Eastern District of Virginia denied, in part, the insurer-defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) in a business-interruption coverage action nearly identical to this one. *See* Memorandum Opinion and Order, *Elegant Massage, LLC v. State Farm Mut. Auto, Ins. Co.*, No. 2:20-cv-00265-RAJ-LRL (E.D. Va. Dec. 9, 2020), ECF No. 62 (attached hereto as **Exhibit A**).

  Most pertinent in *Elegant* is the Court's conclusion that:

> In the instant matter, there is no distinct, demonstrable, or physical alteration to the structure of the property. However, this second plausible interpretation of "direct physical loss" does show that if Defendants wanted to limit liability of "direct physical loss" to strictly require structural damage to property, then Defendants, as the drafters of the policy, were required to do so explicitly. . . . Defendants were fully aware of cases that interpreted intangible damage as a "direct physical loss" promulgated before the issuance of Plaintiffs policy. Since Defendants did not explicitly include "structural damage" in the language, the Policy may be construed in favor of more coverage based on plausible interpretations

*See* Ex. A at 17-18. The *Elegant* Court recognized that there was a "spectrum of accepted interpretations" regarding the meaning of "direct physical loss," *id.* at 19, but, as required by virtually all states' insurance contract interpretation laws, including New Jersey, the Court "interpret[ed] the phrase 'direct physical loss' in the Policy . . . most favorably to the insured to

Honorable Renée Marie Bumb, U.S.D.J.
December 10, 2020
Page 2

grant more coverage" and found "it plausible that a fortuitous 'direct physical loss' could mean that the property is uninhabitable, inaccessible, or dangerous because of intangible, or non-structural, sources." *Id.* (citations omitted).  Thus, the Court concluded,

> while the [Plaintiff's property] was not structurally damaged, it is plausible that Plaintiffs experienced a direct physical loss when the property was deemed uninhabitable, inaccessible, and dangerous to use by the Executive Orders because of its high risk for spreading COVID-19, an invisible but highly lethal virus.  That is, the facts of this case are similar those where courts found that asbestos, ammonia, odor from methamphetamine lab, or toxic gasses from drywall, which caused properties uninhabitable, inaccessible, and dangerous to use, constituted a direct physical loss.  Accordingly, the Court finds that Plaintiff submitted a good faith plausible claim to the Defendants for a "direct physical loss" covered by the policy. Therefore, Plaintiffs complaint has alleged "facts and circumstances, some of which, if proved, would fall within the risk covered by the policy.

*Id.* at 19-20.

In addition, the *Elegant* Court rejected the defendants' attempt to dismiss the action based on the "Virus Exclusion" in the Policy.  *Id.* at 23-26.  The Court found, as Plaintiffs argue here, that "the Virus Exclusion does not apply . . . and that the anti-concurrent theory [proffered by the defendants] has not been established as law in this jurisdiction."  *Id.* at 24.  Thus, "bas[ing] its analysis on the plain reading of the Virus Exclusion taken together with the exclusion language as a whole[,]" *id.*, the Court concluded that "the Virus Exclusion applies where a virus has spread ***throughout the property.***"  *Id.* at 25.

The *Elegant* Court's analysis is on-point and correct, and Defendants' motion to dismiss in this case should be denied.

Thank you for your attention to this matter.  If the Court has any questions, we are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ Lindsey H. Taylor

LINDSEY H. TAYLOR

cc:   All Counsel (via ECF)