# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | PETER G. STEWART | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J.  07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| JAN ALAN BRODY | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | STEPHEN R. DANEK |
| JOHN M. AGNELLO | CARL R. WOODWARD, III | **FAX (973) 994-1744** | CHRISTOPHER H. WESTRICK* | DONALD A. ECKLUND |
| CHARLES M. CARELLA | MELISSA E. FLAX | **www.carellabyrne.com** | JAMES A. O'BRIEN  III** | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | ZACHARY S. BOWER+ |
| | G. GLENNON TROUBLEFIELD | | OF COUNSEL | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | BRIAN H. FENLON | | | CHRISTOPHER J. BUGGY |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | *CERTIFIED BY THE SUPREME COURT OF | JOHN V. KELLY III |
| ELLIOT M. OLSTEIN (1939-2014) | CAROLINE F. BARTLETT | December 14, 2020 | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | MICHAEL A. INNES |
| | | | **MEMBER NY AND MA BARS ONLY | |
| | | | | +MEMBER FL BAR ONLY |

**VIA ECF**

Hon. Renee Marie Bumb
U.S. District Judge
Mitchell H. Cohen Federal Building and U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

      Re: *The Colby Rest. Grp. v. Utica Nat'l Ins.*
        Civil Action No. 20-5927 (RMB)

Dear Judge Bumb:

  We represent Plaintiffs in the above-captioned action.  Please accept the following in response to Defendants' October 23 letter (ECF No. 22), November 9 letter (ECF No. 23), and December 2 letter (ECF No. 24) submitting supplemental authority to the Court.  For the reasons set forth below, Defendants' supplemental authority are either distinguishable from the issues presented here or were incorrectly decided.

**I.** **Defendants' Inapposite Authority Regarding Physical Loss or Damage Does Not Interpret New Jersey Law**

  At the outset, we note that some cases enclosed with Defendants' letters relate to the issue of whether "physical loss or damage" requires damage to the insured property.  No matter how many decisions from other jurisdictions Defendants might submit, those do not change the fact that there is binding Third Circuit authority holding that being unable to use insured property for its intended use is a "physical loss."  Under New Jersey law, coverage for "physical loss" exists when "the structure [is] uninhabitable and unusable, [because] there has been a distinct loss to its owner."  *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 236 (3d Cir. 2002).[1]

  Defendants' reliance on non-binding cases that do not interpret New Jersey law are therefore inapposite and unavailing.  *See Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co.*

---

[1] At a minimum, there is a split in authority amongst courts within this state regarding the interpretation of the term "direct physical loss."  *N&S Rest. LLC v. Cumberland Mut. Fire Ins. Co.*, 2020 WL 6501722, at *3 (D.N.J. Nov. 5, 2020).

(ECF No. 23, Ex. B); *West Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Co.*, 2020 WL 6440037 (C.D. Cal. Oct. 27, 2020); *Uncork & Create LLC v. The Cincinnati Ins. Co.*, 2020 WL 6436948 (S.D. W. Va. Nov. 2, 2020); *Real Hospitality, LLC v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 6503405 (S.D. Miss. Nov. 4, 2020); *Seifert v. IMT Ins. Co.*, (ECF No. 22, Ex. A); *Travelers Indem. Ins. Co. of Am. v. Geragos & Geragos* (ECF No. 22, Ex. B); *BBMS, LLC v. Continental Cas. Co.* (ECF No. 24, Ex. B); *Dab Dental PLLC v. Main Street Am. Protection Ins. Co.* (ECF No. 24, Ex. C); *Graspa Consulting, Inc. v. United Nat'l Ins. Co.*, (ECF No. 24, Ex. D); *Selane Prods., Inc. v. Continental Cas. Co.* (ECF No. 24, Ex. G); *T&E Chicago LLC v. Cincinnati Ins. Co.* (ECF No. 24, Ex. H); *Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.*, 2020 WL 6562332 (N.D. Cal. Nov. 9, 2020); *Whiskey River on Vintage, Inc. v. Illinois Cas. Co.* (ECF No. 24, Ex. J); *Hillcrest Optical, Inc. v. Continental Cas. Co.*, Civ. No. 20- CV-275-JB-B (S.D. Ala. Oct. 21, 2020) (ECF No. 22, Ex. C).[2]

## II. Defendants' Authority Regarding Virus Exclusions are Distinguishable

Other cases Defendants submitted involve a virus exclusion in some form or other. However, all virus exclusions are not created equal. They are still governed by the wording of the policy, not the general concept of "virus exclusion." Insurance policy exclusions must be "specific, plain, clear, prominent, and not contrary to public policy." *Colliers Lanard & Axilbound v. Lloyd's of London*, 458 F.3d 231, 236 (3d Cir. 2006) (quoting *Princeton Ins. Co. v. Chunmuang*, 151 N.J. 80, 95 (1997)). In construing an exclusion, the court should consider whether the insurer could have used more precise language such that the matter would be beyond a reasonable question. *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F. Supp. 447, 456 (D.N.J. 1998).

### A. Defendants' Cases Contain Different Policy Language

For the most part, Defendants do not even attempt to relate their own virus exclusion to the language in the respective decisions. This is because they cannot. Most of the cases Defendants cite address virus exclusions containing different policy language. For instance, many cases involve policies with an anti-concurrent causation clause. *See, e.g.*, *N&S Rest.*, 2020 WL 6501722, at *3 ("[T]he Virus Exclusion contains an 'anti-concurrent causation preamble[.]'"); *Mac Prop. Grp.* (ECF No. 23, Ex. B at 14) ("The virus exclusion in the Selective policy contains what is commonly referred to as an anti-concurrent causation provision."); *see also Boxed Foods Co. LLC v. California Capital Ins. Co.*, 2020 WL 6271021, at *4 (N.D. Cal. Oct. 26, 2020); *Vizza Wash, L.P. v. Nationwide Mut. Ins. Co.* (ECF No. 23, Ex. G at 13); *Raymond H. Nahmad DDS PA v. Hartford Cas. Ins. Co.*, 2020 WL 6392841, at *4, 9 (S.D. Fla. Nov. 2, 2020); *West Coast Hotel Mgmt.*, 2020 WL 6440037, at *4; *Founder Institute Inc. v. Hartford Fire Ins. Co.*, 2020 WL

---

[2] Plaintiffs previously addressed in their opposition brief (*see* ECF No. 19 at 7, 13) the application of *Murray v. State Farm Ins. Fire & Cas. Co.*, 509 S.E.2d 1, 16 (W.Va.1998), *Sentinel Mgmt, Co. v. New Hampshire Ins. Co.*, 563 N.W.2d 296, 300 (Minn. App. 1997), *Western Fire Ins. Co. v. First Presbyterian Church*, 437 P.2d 52, 55 (Colo. 1968), and *Total Intermodal Servs. Inc. v. Travelers Prop. Cas. Co. of Am.*, 2018 WL 3829767 (C.D. Cal. July 11, 2018), cases that the *Hillcrest Optical* court attempted to distinguish (ECF No. 22, Ex. C at 10).

Hon. Renee Marie Bumb
December 14, 2020
Page 3

6268539, at *1 (N.D. Cal. Oct. 22, 2020); *Seifert v. IMT Ins. Co.* (ECF No. 22, Ex. A at 4); *Brian Handel D.M.D., P.C. v. Allstate Ins. Co.*, 2020 WL6545893, at *2 (E.D. Pa. Nov. 6, 2020); *Long Affair Carpet & Rug, Inc. v. Liberty Mut. Ins. Co.*, 2020 WL 6865774, at *3 (C.D. Cal. Nov. 12, 2020); *Border Chicken AZ LLC v. Nationwide Mut. Ins. Co.*, 2020 WL 6827742, at *2 (D. Ariz. Nov. 20, 2020); *Whiskey River on Vintage* (ECF No. 24, Ex. J at 4).

An anti-concurrent causation clause excludes the application of the efficient proximate cause doctrine. *New Jersey Transit Corp. v. Certain Underwriters At Lloyds*, 461 N.J. Super. 440, 461-63 (App. Div. 2019). The efficient proximate cause doctrine, which applies in New Jersey, provides that a loss **will be covered** if a covered risk is the last step in a chain of events set in motion by an uncovered risk or if a covered risk sets in motion an unbroken series of events that causes a loss, even if the last step in the chain was an excluded risk. *See Auto Lenders Acceptance Corp. v. Gentellini Ford, Inc.*, 181 N.J. 245, 257(2004) (quoting 5 Appleman, *Insurance Law & Practice* §3083, at 309-11 (1970)).

Here, Plaintiffs' policies do not contain this critical clause, which renders Defendants' authority inapt and distinguishable.

B.  **Defendants' Cases Run Afoul of the Efficient Proximate Cause Doctrine**

Instead, Defendants' virus exclusion provides that they "will not pay for loss or damage caused by or resulting from any virus[.]" ECF No. 17-6 at 33. However, under New Jersey law, this language is insufficient to prohibit the application of the efficient proximate cause doctrine. *Hemispherx Biopharma, Inc. v. Valley Forge Ins. Co.*, 2013 WL 12129389, at *7 (D.N.J. Sept. 1, 2013). In *Hemispherx*, the court articulated this proposition after analyzing several provisions in the insured's policy that provided for exclusions:

> Section B(l) states: '[w]e will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.' Sections B(2) and B(3), on the other hand, merely state: '[w]e will not pay for loss or damages caused by or resulting from' exclusions listed in each respective section. The Court can infer, therefore, that while Section B(l) excluded sequential causation analysis, the parties intended the analysis to apply to Sections B(2) and B(3).

*Id*. (internal citations omitted).

Here, like in *Hemispherx*, a comparison of the exclusionary endorsements in Plaintiffs' policies provides substantial, textual evidence that the efficient proximate cause doctrine applies to the virus exclusion. For example, the computer and electronic-related endorsement provides that

Hon. Renee Marie Bumb
December 14, 2020
Page 4

> insurance does not apply to any claim, injury, loss, damage, or damages . . . caused directly or indirectly by, or arising directly or indirectly from or as a consequence of any of the following, regardless of any other cause or event that contributes concurrently or in any sequence to the claim, injury loss, damage, or damage.

ECF No. 17-6 at 19.

The virus exclusion, on the other hand, merely provides that Defendants "will not pay for loss or damage caused by or resulting from any virus[.]"  ECF No. 17-6 at 33.  If Defendants wanted to write an anti-concurrent causation clause into their virus exclusion—like they did with the computer and electronic-related endorsement—they most certainly could have used more precise language.  *Elizabethtown Water Co.*, 998 F. Supp. at 456.  But they did not.  The efficient proximate cause doctrine therefore applies.

Under the efficient proximate cause doctrine, Plaintiffs' losses were caused by the Closure Orders, not the coronavirus.  ECF No. 1 at ¶45.  Accordingly, Defendants' cases that excluded coverage based on virus exclusions merely containing "caused by or resulting from" language were wrongly decided, as those cases run afoul of the efficient proximate cause doctrine.  *See 10E LLC v. Travelers Indem. Co. of Conn.*, 2020 WL 6749361, at *2 (C.D. Cal. Nov. 13, 2020); *AFM Mattress Co., LLC v. Motorists Commercial Mut. Ins. Co.*, 2020 WL 6940984, at *2  (N.D. Ill. Nov. 25, 2020); *Chattanooga Professional Baseball LLC v. Nat'l Cas. Co.*, 2020 WL 6699480, at *2 (D. Ariz. Nov. 13, 2020); *Dab Dental* (ECF No. 24, Ex. C at 7); *Dime Fitness, LLC v. Markel Ins. Co.*, 2020 WL 6691467, at *5 (Fla. Cir. Ct. Nov. 10, 2020); *Mattdogg, Inc. v. Philadelphia Indem. Ins. Co.*, 2020 WL 6111038, at *2 n.3 (N.J. Super. Ct. Law Div. Nov. 17, 2020); *Natty Greene's Brewing Co., LLC v. Travelers Cas. Ins. Co. of Am.* (ECF No. 24, Ex. F at 5); *Toppers Salon & Health Spa, Inc. v. Travelers Prop. Cas. Co. of Am.* (ECF No. 24 at Ex. I at 3).

### C. Defendants' Cases Addressed Different Arguments

Defendants also cite cases that address arguments Plaintiffs do not raise.  Those cases are therefore distinguishable and the rationale contained therein is inapplicable.  *See Mac Prop. Grp.* (ECF No. 23, Ex. B at 12) ("Plaintiffs claim that because the virus exclusion is an affirmative defense, it may not be considered by the court on a Rule 4:6-2 motion." ); *West Coast Hotel Mgmt.* 2020 WL 6440037, at *4 ("Plaintiffs argue that the Virus Exclusion is unenforceable under the reasonable expectations doctrine" and that "an ambiguity exists because 'a pandemic is . . . much more than just a simple virus."); *Mattdogg*, 2020 WL 6111038, at *2 (claiming the virus exclusion was "void as a matter of public policy").

### D. Defendants' Cases Lack Substance

Additional cases Defendants cite are also unavailing because those decisions either omit the relevant policy language or provided no reasoning whatsoever regarding the virus exclusion.  *See FAFB LLC v. Blackboard Ins. Co.* (ECF No. 23, Ex. C); *Travelers Cas.* (Ex. F); *S. Fla. ENT Assoc., Inc. v. Hartford Fire Ins. Co.*, 2020 WL 6864560 (S.D. Fla. Nov. 13, 2020); *Goodwill*

*Indus. of Central Okla. Inc. v. Philadelphia Indem. Ins. Co.*, 2020 WL 6561315 (W.D. Okla. Nov. 9, 2020).

      Thank you for your attention to this matter. If you have any questions, we are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ Lindsey H. Taylor

LINDSEY H. TAYLOR

cc: All Counsel (via ECF)