# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

CHARLES C. CARELLA
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)
BRENDAN T. BYRNE (1924-2018)

JAMES T. BYERS
ONALD F. MICELI
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
MICHAEL CROSS
STEPHEN R. DANEK
MICHAEL A. INNES

**5 BECKER FARM ROAD**
**ROSELAND, N.J.  07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
www.carellabyrne.com

PETER G. STEWART
FRANCIS C. HAND
AVRAM S. EULE
JAMES A. O'BRIEN  III**
JOHN G. ESMERADO
GREGORY G. MAROTTA
STEVEN G. TYSON

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY AND MA BARS ONLY
+MEMBER FL BAR ONLY

RAYMOND J. LILLIE
MEGAN A. NATALE
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
JOHN P. PETROZZINO
CHIRALI V. PATEL
KENNETH D. McPHERSON

January 25, 2021

**VIA ECF**

Hon. Renee Marie Bumb
U.S. District Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 07101

   Re: *Colby Restaurant Group, Inc., et al. v. Utica National Ins. Grp., et al.*
      Civil Action No. 20-5927(RMB)(KMW)

Dear Judge Bumb:

  We represent Plaintiff in the above-captioned action.  We wish to bring to the Court's attention an opinion issued last week, *Henderson Road Restaurant Systems, Inc. v. Zurich American Insurance Co.*, 2021 WL 168422 (N.D. Ohio Jan. 19, 2021).

  In *Henderson Road*, the court found that "direct physical loss of or damage to" property was ambiguous because it was subject to more than one reasonable interpretation.  *Id.* at *10.

> Based on this language, Plaintiffs argue that physical loss *of* the real property means something different than damage to the real property, and this is a valid argument. Otherwise, why would both phrases appear side-by-side separated by the disjunctive conjunction "or"? Plaintiffs argue that they lost their real property when the state governments ordered that the properties could no longer be used for their intended purposes – as dine-in restaurants. The Policy's language *is* susceptible to this interpretation.

*Id.* (emphasis in original)  The court then dissected the insurer's argument that "direct physical loss" required some damage to the property, in part noting that the cases that the insurer relied upon covered "direct physical loss to" property rather than "direct physical loss of or damage to" property, which provides different coverage.  *Id.* at *10-12. As part of its analysis, the court observed "[i] a term is not defined in the policy, the Court must look to the plain meaning of the words, not persuasive authority from other courts." *Id.* at *12.  In the end, because the policy was ambiguous, it had to be construed liberally in the insured's favor, and when so construed, there

Hon. Renee Marie Bumb
January 25, 2021
Page 2

was coverage for the loss.  *Id.* at *12.

The *Henderson Road* court also rejected the insurer's contention that the insured's claim was barred by the virus exclusion in the policy.  That exclusion excluded losses caused by "the presence, growth, proliferation, spread, or any activity of **"microorganisms"**". *Henderson Road*, 2020 WL 168422, at *3. The *Henderson Road* court found that this exclusion did not bar the insured's claim, notwithstanding the anti-concurrent cause clause in the exclusion.  The insured argued that the microorganism exclusion did not apply to their claim because their losses were caused by government closure orders, not the "presence, growth, proliferation, spread, or any activity of 'microorganisms.'"  *Id.* at *14. The court agreed.

> Here, Plaintiffs' argument prevails because the Microorganism exclusion does not clearly exclude loss of property caused by a government closure. Plaintiffs' restaurants were not closed because there was an outbreak of COVID-19 at their properties; they were closed as a result of governmental orders. Because Zurich's Microorganism exclusion did not identify the possibility that, even absent "the presence, growth, proliferation, spread, or any activity of **"microorganisms"** damaging the Plaintiffs' properties, the Plaintiffs may be required to close their dine-in restaurants due to government orders responding to a public health crisis, the Microorganism Exclusion does not apply.

*Id.*  The court found that the anti-concurrent cause clause did not help the insurer because there had been no contamination of the insured's premises by COVID-19 to contribute to the loss, a fact the insurer had stipulated to.  *Id.* at 15.

Thank you for your continued attention to this matter.  If the Court has any questions, we are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ Lindsey H. Taylor

LINDSEY H. TAYLOR

cc: All Counsel (via ECF)